**IT IS ORDERED as set forth below:**

**Date: September 30, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| JOSEPH H. HARMAN, | : | BANKRUPTCY CASE |
| | : | 11-67522-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| CAROLYN T. MCAFEE, Executor of | : | ADVERSARY PROCEEDING |
| the Estate of James T. McAfee, | : | NO. 11-05534-LRC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH H. HARMAN, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is the Partial Motion for Summary Judgment on Counts 3, 4, and 5 of Plaintiff's First Amended Complaint (Doc. 179, the "Motion"), filed by Joseph H.

Harman (the "Defendant"). Carolyn T. McAfee, Executor of the Estate of James T. McAfee (the "Plaintiff") opposes the Motion. On May 2, 2019, the Court heard oral arguments on the Motion, and the parties filed supplemental briefs on June 3, 2019.

## I. BACKGROUND

James T. McAfee ("McAfee") agreed to lend money to Carter Oak Crossing, Ltd. ("Carter Oak"), to refinance a shopping center in Gwinnett County, Georgia. (Harman Declaration, Doc. 179-1, at 59). On September 1, 1998, Defendant, as president of Carter Oak, signed a promissory note for $400,000.00 with an annual interest rate of 25% (the "Note"). (Note, Doc. 113-2, at 5). Defendant also signed a conditional guaranty that would make him liable under the Note if he engaged in "conversion, misappropriation, theft or embezzlement with respect to any money or other property of Maker by the undersigned in his capacity as an employee, officer, director, agent or employees of Maker" (the "Guaranty"). (Guaranty, Doc. 113-2, at 10).

### A. The State Court Action

In 2002, Carter Oak defaulted on the Note. (Harman Declaration, Doc. 179-1, at 60). On April 12, 2004, McAfee sued Defendant individually in the State Court of Fulton County, Georgia (the "State Court Action"). (*Id.* at 60-61). McAfee alleged that Defendant had violated the terms of the Guaranty and sought to recover damages for breach of contract, fraud, and attorney's fees. (*Id.* at 61). On November 3, 2004, months after initiating the State Court Action, McAfee passed away. (*Id.*). Plaintiff, McAfee's wife

and executrix of his estate, was subsequently substituted as plaintiff in the State Court Action. (*Id.*).

On April 13, 2009, the State Court granted Plaintiff's motion for summary judgment "as to the issues of the Conditional Guaranty, attorney's fees and expenses of litigation" (the "State Court Judgment"). (State Court Judgment, Doc. 113-2, at 34). Plaintiff's claim for compensatory and punitive damages based on Defendant's alleged fraud remained pending. (*Id.*).

On February 4, 2011, after Defendant's unsuccessful appeal, (Court of Appeals Decision, Doc. 113-2, at 39), the parties entered a "Joint Stipulation of Fact and Dismissal with Prejudice of Count II (Fraud) of Plaintiff's Amended Complaint" (the "Stipulation"). (Stipulation, Doc. 114, at 8-10). Pursuant to the Stipulation, the parties agreed that Defendant owed $5,256,929.06 on the Note and Guaranty and $143,371.28 for attorney's fees. (*Id.* at 8). The Stipulation also provided that:

> Plaintiff hereby dismisses Count II of the Amended Complaint (for fraud) with prejudice, provided that the parties stipulate and agree that the dismissal of Count II . . . shall not be admissible (on the grounds of res judicata, estoppel, or otherwise) in any proceeding regarding the validity or dischargeability of Count I (Guaranty) and Count III (Attorneys' Fees) in the Plaintiff's Amended Complaint.

(*Id.* at 9). At the same time, the State Court entered a "Final Judgment" in favor of Plaintiff, awarding damages pursuant to the Stipulation. (Final Judgment, Doc. 114, at 7).

**B. Defendant's Bankruptcy**

On June 14, 2011, Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition Date"). (Case No. 11-67522-LRC, Doc. 1). Plaintiff filed a proof of claim in Defendant's bankruptcy case on October 11, 2011, claiming a debt of

3

$5,369,083.73 based on the Guaranty (the "Proof of Claim"). (Case No. 11-67522, POC 1-1). On September 19, 2011, Plaintiff filed this adversary proceeding objecting to Defendant's discharge and seeking a determination of nondischargeability of the debt owed by Defendant. (Initial Complaint, Doc. 1). The Initial Complaint was then amended on February 14, 2014 (the "Amended Complaint"). (Amended Complaint, Doc. 113).

Counts 1 and 2 of the Amended Complaint are objections to Defendant's discharge under § 727(a)(2) based on Defendant's alleged attempts to conceal assets from his creditors by transferring money to his wife and entities under Defendant's control within a year before filing bankruptcy. (Amended Complaint, Doc. 113, at 34-39). Counts 3, 4, and 5 involve the same facts that formed the basis of the State Court Judgment and seek a determination that the debt owed by Defendant to Plaintiff is nondischargeable pursuant to § 523(a)(2), (a)(4), and (a)(6) respectively. (Amended Complaint, Doc. 113, at 39-46; State Court Judgment, Doc. 113, at 28-32).

**C. Plaintiff's Transfer and Motion to Substitute Party**

On March 24, 2017, in the adversary proceeding, Plaintiff filed a Motion to Substitute Party (the "Substitution Motion"). (Doc. 173). In the Substitution Motion, Plaintiff reported that on January 11, 2017, Plaintiff purportedly transferred the claims held by the Estate of James T. McAfee to her son, Thomas McAfee III ("McAfee III"), in his capacity as Trustee of Marital Trust #2 (the "Transfer"). (*Id.*). The Court declined to grant the Substitution Motion over Defendant's objection without additional information about the Transfer, but granted Plaintiff leave to file an affidavit in support of the Substitution Motion. (Doc. 175). However, Plaintiff has not filed an affidavit in support, and the

4

Substitution Motion remains pending. Meanwhile, in Defendant's bankruptcy case, Plaintiff filed a Notice of Transfer of Claim, wherein she states that "the claims set forth in the Proof of Claim were transferred from the Estate [of James T. MacAfee] to [J. Thomas McAfee III, in his capacity as Trustee of Marital Trust #2] on January 11, 2017…." (Case No. 11-67522, Doc. 153). Attached to the Notice of Transfer of Claim as Exhibit B is a Division of Trust; Transfer of Claims executed by Plaintiff and McAfee III which transfers "any and all claims that James T. McAfee Jr. or any of his successors in interest [] had, has, or may have against… Joseph H. Harman" "to J. Thomas McAfee III as Trustee of Marital Trust #2." (*Id*. at 10-11). Finally, on April 10, 2018, McAfee III filed a Transfer of Claim Other Than for Security in Defendant's bankruptcy case which states that the Proof of Claim was transferred to him by Plaintiff. (Case No. 11-67522, Doc. 163).

In the Motion, Defendant argues that the Transfer violated O.C.G.A. § 44-12-24 which prohibits the assignment of personal torts and fraud-based claims and that McAfee III, therefore, lacks standing to pursue Counts 3, 4, and 5 of the Amended Complaint. (Doc. 179-1, at 41-52). Defendant further argues that, due to the Transfer, neither McAfee III nor Plaintiff may enforce those claims. (Defendant's Post-Hearing Brief, Doc. 196, at 15). In response, Plaintiff contends that the Transfer was not an assignment, but rather an assent pursuant to McAfee's Will, making O.C.G.A. § 44-12-24 inapplicable. (Response in Opposition, Doc. 184, at 2-9). Alternatively, Plaintiff contends that even if the Transfer constitutes an assignment, Counts 3, 4, and 5 of the Amended Complaint were assignable notwithstanding O.C.G.A. § 44-12-24 because those claims involve a right to property rather than a right of action for personal torts or for injuries arising from fraud. (*Id.* at 9-

5

12). Finally, Plaintiff argues that even if Counts 3, 4, and 5 of the Amended Complaint were unassignable, Plaintiff can continue to pursue those claims because transfers in violation of O.C.G.A § 44-12-24 are void. (*Id.* at 13).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56, made applicable to this proceeding by operation of Federal Rule of Bankruptcy Procedure 7056, the Court will grant summary judgment only if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hairston v. Gainesville Sun Publ'shg Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993). A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982).

To determine whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). The moving party must identify those evidentiary materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* FED. R. CIV. P. 56(e).

The Motion raises three issues: (1) whether the Transfer was an assignment under Georgia law; (2) if so, whether Plaintiff could transfer the claims asserted in Counts 3, 4, and 5 to McAfee III under Georgia law; and, if not, (3) the consequences of the attempted assignment. The Court need not address these issues because the undisputed facts show that Plaintiff no longer owns the debt giving rise to Counts 3, 4, and 5 of the Amended Complaint (that is, the amount awarded to Plaintiff in the Final Judgment pursuant to the Stipulation) as Plaintiff has transferred this debt to McAfee III in his capacity as Trustee of Marital Trust #2. (Defendant's Statement of Undisputed Facts, Doc. 179-1, at ¶¶ 36-43; Notice of Transfer of Claim, Doc. 153; Transfer of Claim Other than for Security, Doc. 161).

To bring an action under § 523(a) to determine that a debt is nondischargeable, a plaintiff must first establish that defendant owes plaintiff a debt. *See In re Monarrez*, 588 B.R. 838, 858 (Bankr. N.D. Ill. 2018) ("In order for section 523 to apply, first, a Plaintiff must establish that the debtor owes him a debt."); *In re Sulier*, 541 B.R. 867, 877 (Bankr. D. Minn. 2015) ("In order to prove that the debt is nondischargeable, the plaintiff [] must first establish that the defendant owes him a debt."); *In re Crown*, 492 B.R. 858, 890-91 (Bankr. S.D. Tex. 2013) ("The Plaintiffs must first establish that the Debtor owes [Plaintiffs] debts before they can challenge the dischargeability of those debts.").[1]

---

[1] Ownership of a debt also goes to a plaintiff's standing to bring a cause of action under § 523(a). *See In re Varga*, 2012 WL 6021341 at *2 (Bankr. M.D. Fla. 2012) ("Plaintiff is not a creditor to whom a debt arising out of embezzlement is owed, and he does not have standing to pursue the § 523(a)(4) claim."); *In re Vann*, 2014 WL 505257 at *2 (Bankr. D. Conn. 2014) (finding that the plaintiff had standing to sue the defendant under § 523(a) because the plaintiff had at least a contingent claim against the defendant for legal fees.) Further, "federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of the jurisdictional doctrines.'" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

As previously discussed, the debt owed by Defendant to Plaintiff pursuant to the Final Judgment has been transferred to McAfee III. While O.C.G.A. § 44-12-24 prohibits the assignment of "[a] right of action for personal torts, for legal malpractice, or for injuries arising from fraud," judgments, even if based on fraud or personal torts, are transferable. *See* O.C.G.A. § 9-12-21 ("A person in whose favor a judgment has been entered… may for bona fide and for a valuable consideration transfer any judgment to a third person. In all such cases, the transferee of any judgment shall have the same rights… as [] the original holder of the judgment."); *In re Pittard*, 358 B.R. 457, 461 (Bankr. N.D. Ga. 2006) ("While a judgment based on fraud may be assigned, a right of action for fraud may not."); *Gamble v. Cent. R. & Banking Co.*, 7 S.E. 315, 315 (Ga. 1888) ("All judgments are assignable."); *Colter v. Livingston*, 114 S.E. 430, 434 (Ga. 1992) ("Even a judgment based on tort is transferable, while the action for tort is not assignable."). Thus, the transfer of the debt awarded in the Final Judgment was effective, even if the transfer of Counts 3, 4, and 5 of the Amended Complaint was not. As a result, Plaintiff can no longer bring a cause of action under § 523(a) because she no longer owns the debt alleged in the Amended Complaint.[2]

### III. CONCLUSION

---

[2] Plaintiff has requested that McAfee III be substituted in as plaintiff in this adversary proceeding. (Substitution Motion, Doc. 173). However, as explained above, this request was not granted by the Court because Plaintiff failed to provide sufficient detail about the Transfer. (Doc. 175). Notwithstanding this deficiency, the Court granted Plaintiff leave to file affidavits in support of the Substitution Motion. (*Id.*). A review of the docket indicates that Plaintiff has yet to file an affidavit in support of the Substitution Motion. As a result, Carolyn T. McAfee, as Executor of the Estate of James T. McAfee, remains the named plaintiff in this adversary proceeding.

For these reasons, the Court finds that the undisputed facts support Defendant's request for summary judgment on Counts 3, 4, and 5 of the Amended Complaint, and that Defendant is entitled to partial summary judgment as a matter of law.  Accordingly,

**IT IS HEREBY ORDERED THAT** Defendant's Partial Summary Judgment Motion is **GRANTED**.

**[END OF DOCUMENT]**

**Distribution List**

**James L. Paul**
Chamberlain, Hrdlicka, White
46th Floor
191 Peachtree Street NE
Atlanta, GA 30303-1410

**Kevin R. Armbruster**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Jason C. Grech**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Derek S. Littlefield**
Cushing Morris Armbruster Montgomery LLP
Suite 4500
191 Peachtree Street, N.E.
Atlanta, GA 30303

**Gary W. Marsh**
Dentons US, LLP

Suite 5300, One Peachtree Center
303 Peachtree Street
Atlanta, GA 30308

**David E. Gordon**
Dentons US LLP
Suite 5300
303 Peachtree Street, NE
Atlanta, GA 30308

**J. Carole Thompson Hord**
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-4516

**Karen Fagin White**
Cohen Pollock Merlin & Small
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339-6401

**Johannes S. Kingma**
Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303-1740