**IT IS ORDERED as set forth below:**



**Date: September 28, 2020**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| JOSEPH H. HARMAN, | : | BANKRUPTCY CASE |
| | : | 11-67522-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| CAROLYN T. MCAFEE, Executor of | : | ADVERSARY PROCEEDING |
| the Estate of James T. McAfee, | : | NO. 11-05534-LRC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH H. HARMAN, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

On September 30, 2019, the Court entered an order granting the Partial Motion for

Summary Judgment on Counts 3, 4, and 5 of Plaintiff's First Amended Complaint filed by

Joseph H. Harman ("Defendant") (Doc. 197) (the "Order"). Through the Order, the Court explained that, because the claims held by the Estate of James T. McAfee were transferred by Carolyn T. McAfee ("Plaintiff") to her son Thomas McAfee III ("McAfee III"), in his capacity as Trustee of Marital Trust #2, Plaintiff no longer owned the debt giving rise to Counts 3, 4, and 5 of the First Amended Complaint and could not bring an action under § 523(a) regarding that debt. Although Plaintiff had filed a Motion for Substitution (the "Substitution Motion") seeking to substitute McAfee III as plaintiff, the Substitution Motion had not been granted due to a lack of evidentiary support, leaving Plaintiff as the only named plaintiff in this adversary proceeding.[1] Accordingly, the Court determined that Defendant was entitled to partial summary judgment as a matter of law.

On October 4, 2019, Plaintiff filed a Motion for Reconsideration and Memorandum in Support (Doc. 199) (the "Motion for Reconsideration"), asserting that she had filed two affidavits on October 9, 2018 (Docs. 186, 187) (the "Affidavits") in support of the Substitution Motion. Therefore, Plaintiff requested that the Court reconsider its Order granting partial summary judgment to Defendant. On October 18, 2019, Defendant filed a Response in Opposition to Plaintiff's Motion for Reconsideration and Memorandum in Support (Doc. 200) (the "Response"). In the Response, Defendant contends that the Affidavits were not filed in support of the Substitution Motion, but were instead filed in

---

[1] Defendant had previously filed a Preliminary Opposition and Objection to Plaintiff's Motion for Substitution (Doc. 174) on April 7, 2017, contending that the Substitution Motion failed to specify which claims were purportedly transferred or explain how the transfer occurred. Defendant then requested that Plaintiff be required to produce evidence of the purported transfer. Through an order entered on June 23, 2017, the Court declined to grant the Substitution Motion over Defendant's objection, but granted Plaintiff leave to file an affidavit in support of the Substitution Motion to provide Defendant with sufficient information regarding the transfer of the claims.

2

support of Plaintiff's Response in Opposition to Defendant's Partial Motion for Summary Judgment (Doc. 184) (the "Response in Opposition").

Through an order entered on February 5, 2020 (Doc. 204), the Court stated that, although the Affidavits did not indicate that they were filed in support of the Substitution Motion, the Court would, nonetheless, consider them in connection with the Substitution Motion and allowed the parties an opportunity to file additional briefing. *See* Docs. 206 (the "Brief in Support"), 207 (the "Brief in Opposition").

In the Brief in Opposition, Defendant argues that the Substitution Motion should be denied because (1) the Affidavits contain inadmissible legal conclusions that are insufficient to support the Substitution Motion; and (2) since Plaintiff transferred the claims held by the Estate of James T. McAfee to Marital Trust #2 on January 11, 2017, she no longer held an enforceable § 523 nondischargeability claim and, therefore, had no good faith basis to file the Substitution Motion.[2] Regarding Defendant's first argument, the Court finds that the Affidavits contain sufficient admissible facts to establish that the Estate of James T. McAfee transferred its claims to Marital Trust #2. *See* Doc. 186 (stating "on January 11, 2017, I [Carolyn T. McAfee] distributed the Claims to the marital-deduction trust established under Item 7 of the Will—specifically Marital Trust #2").

As for Defendant's second argument, that Plaintiff had no good faith basis to file the

---

[2] Defendant also argues that the Substitution Motion should be denied because counts 3, 4, and 5 of the Amended Complaint "did not survive" the transfer from the Estate of James T. McAfee to Martial Trust #2 because such transfers are prohibited by O.C.G.A. § 44-12-23. This argument, however, is the subject of Defendant's Partial Motion for Summary Judgment (Doc. 179). Because, as explained herein, the Court finds it necessary to vacate its Order granting Defendant's Partial Motion for Summary Judgment, the Court declines to address these arguments in connection with the Substitution Motion, and will instead do so in a subsequent order on Defendant's Partial Motion for Summary Judgment.

3

Substitution Motion, the Court disagrees. Rule 25(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7025 of the Federal Rules of Bankruptcy Procedure, provides that: "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Accordingly, the Federal Rules of Civil Procedure provide a mechanism for transferees of causes of action to be substituted in the place of the original party in interest. Moreover, Rule 25(c) makes clear that this substitution may occur after the interest is transferred. Here, because the Affidavits establish that the claims held by the Estate of James T. McAfee were transferred to McAfee III, in his capacity as Trustee of Marital Trust #2, the Court finds that he may be substituted as plaintiff in this adversary proceeding pursuant to Rule 25(c).

As previously noted, the Court granted Defendant's Partial Motion for Summary Judgment because the debt giving rise to Plaintiff's § 523 nondischargeability claims had been transferred to McAfee III. Having found that McAfee III may be substituted as plaintiff in this adversary proceeding, and because McAfee III owns the debt giving rise to the nondischargability claims, the Court finds that it should vacate its previous Order granting Defendant's Partial Motion for Summary Judgment and reconsider Defendant's Partial Motion for Summary Judgment. The Court will do so without any additional briefing from the parties, as the issues raised therein have been fully briefed. *See* Docs. 179-1, 184, 188, 196.

Accordingly, for the reasons stated herein,

**IT IS HEREBY ORDERED** that the Motion for Substitution (Doc. 173) filed by

Carolyn T. McAfee, as Executor of the Estate of James T. McAfee, is **GRANTED**;

**IT IS FURTHER ORDERED** that J. Thomas McAfee III, in his capacity as Trustee of Marital Trust #2, is hereby substituted as plaintiff in this adversary proceeding;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration and Memorandum in Support (Doc. 199) is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Order granting the Partial Motion for Summary Judgment on Counts 3, 4, and 5 of Plaintiff's First Amended Complaint filed by Joseph H. Harman (Doc. 197) is hereby **VACATED**.

**[END OF DOCUMENT]**

**Distribution List**

**James L. Paul**
Chamberlain, Hrdlicka, White
46th Floor
191 Peachtree Street NE
Atlanta, GA 30303-1410

**Kevin R. Armbruster**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Jason C. Grech**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Derek S. Littlefield**
Cushing Morris Armbruster Montgomery LLP
Suite 4500
191 Peachtree Street, N.E.
Atlanta, GA 30303

**Gary W. Marsh**
Dentons US, LLP
Suite 5300, One Peachtree Center
303 Peachtree Street
Atlanta, GA 30308

**David E. Gordon**
Dentons US LLP
Suite 5300
303 Peachtree Street, NE
Atlanta, GA 30308

**J. Carole Thompson Hord**
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-4516

**Karen Fagin White**
Cohen Pollock Merlin & Small
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339-6401

**Johannes S. Kingma**
Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303-1740