**IT IS ORDERED as set forth below:**



Date: February 24, 2021

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| JOSEPH H. HARMAN, | : | BANKRUPTCY CASE |
|  | : | 11-67522-LRC |
| Debtor. | : |  |
| _____ | : |  |
|  | : |  |
| JAMES T. McAFEE, III, | : | ADVERSARY PROCEEDING |
|  | : | NO. 11-05534-LRC |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| JOSEPH H. HARMAN, | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is a Motion for Reconsideration (Doc. 227) (the "Motion") filed by Joseph H. Harman ("Defendant") seeking reconsideration of an Order entered on September 30, 2020 (Doc. 224) (the "Order"), wherein the Court granted in part and denied

in part Defendant's motion for partial summary judgment (Doc. 179-1) (the "PMSJ"). James T. McAfee, III, in his capacity as Trustee of Marital Trust #2 ("Plaintiff"), opposes the Motion. This matter constitutes a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I); § 1334.

I. Background and Introduction

On June 14, 2011, Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition Date"). (Case No. 11-67522-LRC, Doc. 1). On October 11, 2011, Carolyn T. McAfee, Executor of the Estate of James T. McAfee ("Former Plaintiff") filed a proof of claim in Defendant's bankruptcy case claiming a debt of $5,369,083.73 (the "Debt") based upon a Final Judgment entered against Defendant in the State Court of Fulton County on February 4, 2011. *See* Doc. 114, p. 6. On September 19, 2011, Former Plaintiff initiated this adversary proceeding by filing a complaint (Doc. 1) (the "Initial Complaint") objecting to Defendant's discharge and seeking a determination that the Debt is nondischargeable. The Initial Complaint was amended on February 19, 2014 (Doc. 113) (the "Amended Complaint"). Counts 1 and 2 of the Amended Complaint object to Defendant's discharge under 11 U.S.C. § 727(a)(2).[1] *See* Amended Complaint, pp. 34-39. Counts 3, 4, and 5 of the Amended Complaint seek a determination that the Debt is nondischargeable pursuant to §§ 523(a)(2), (a)(4), and (a)(6) respectively. *Id.* at 39-46.

On March 24, 2017, Former Plaintiff filed a Motion to Substitute Party (Doc. 173) (the "Substitution Motion"), which stated that on January 11, 2017, Former Plaintiff

---

[1] All further references to § are to the Bankruptcy Code, title 11 of the United States Code, unless otherwise noted.

2

transferred her interest in this case to her son, Thomas McAfee III, in his capacity as Trustee of Marital Trust #2 (the "Transfer"). The Court granted the Substitution Motion on September 29, 2020, and substituted Thomas McAfee III as plaintiff in this adversary proceeding. *See* Doc. 233. Through the PMSJ, Defendant argued that the Transfer violated O.C.G.A. § 44-12-24, which provides, in relevant part, that: "a right of action is assignable if it involves, directly or indirectly, a right of property" but that "[a] right of action for personal torts, for legal malpractice, or for injuries arising from fraud to the assignor may not be assigned." Thus, Defendant argued that Plaintiff could not pursue Counts 3, 4, and 5 of the Amended Complaint as the assignment of those claims was prohibited by O.C.G.A. § 44-12-24. *See* PMSJ, pp. 41-52.

On September 30, 2020, the Court entered the Order, which held that: (A) Count 3 of the Amended Complaint, seeking a determination of nondischargeability under § 523(a)(2)(A), was not assignable pursuant to O.C.G.A. § 44-12-24 because it is based upon the misrepresentations made by Defendant to secure financing; (B) Count 4 of the Amended Complaint, seeking a nondischargeability determination under § 523(a)(4), was not assignable under O.C.G.A. § 44-12-24 to the extent it is based on Defendant's fraud while acting in a fiduciary capacity, embezzlement, or larceny, but that Count 4 was assignable to the extent that it is based on Defendant's defalcation while acting in a fiduciary capacity; and (C) Count 5 of the Amended Complaint, seeking a nondischargeability determination under § 523(a)(6) was assignable because it is based on Defendant's conversion of funds. *See* Order, pp. 9-14.

Regarding the assignability of Count 4, the Court reasoned that it was assignable to

3

the extent it is based on Defendant's defalcation because "defalcation 'may be used to refer to *nonfraudulent* breaches of fiduciary duty.'" *Id*. at 12 (quoting *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013) (emphasis added)). The Court stated that because the Amended Complaint "alleges that Defendant held $31,276 on behalf of Mr. McAfee and failed to account for that money," "Plaintiff's defalcation claim alleges an injury to Plaintiff's property interest in the $31,276 and is, therefore, a cause of action involving a right of property," and thus assignable under O.C.G.A. § 44-12-42. *See id*. at 12-13. As for the holding that Count 5 was assignable, the Court reasoned that, because it was based upon Defendant's conversion of funds, it too alleged an injury to Plaintiff's property interest, and was therefore assignable under O.C.G.A. § 44-12-24. *Id*. at 13-14.

On October 14, 2020, Defendant filed the Motion, as well as a brief in support of the Motion (Doc. 227-1) (the "Supporting Brief"), contending that the Court erred in finding that Count 4, to the extent it is based on Defendant's defalcation, and Count 5 of the Amended Complaint were assignable. Plaintiff filed a response in opposition to the Motion (Doc. 229) (the "Response") on October 28, 2020. On November 12, 2020, Defendant filed a reply in support of the Motion (Doc. 230) (the "Reply").

II. Legal Standard

Defendant's Motion is brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure, which permits the Court to revise its Order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." However, pursuant to BLR 9023-1, "[m]otions for reconsideration should not be filed as a

4

matter of routine practice." Instead, "[m]otions for reconsideration are to be filed only when 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *U.S. v. White*, 2005 WL 2470527, at *2 (N.D. Ga. Aug. 25, 2005) (citing *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003)). Here, Defendant contends the Motion is needed to correct clear error of law or fact.

III. Discussion

As noted above, Defendant contends that the Court erred in finding that Count 4, to the extent it is based on Defendant's defalcation, was assignable. Defendant argues that the Court's holding does not relate to any arguments advanced by Plaintiff in connection with Defendant's PMSJ. Defendant asserts that Plaintiff never argued that Count 4 was based on an alleged defalcation committed by Defendant, but instead argued that Count 4 was based on embezzlement. Further, Defendant contends that the Court failed to acknowledge whether a technical, written, or statutory trust was in existence prior to Defendant's alleged act of defalcation. Defendant argues that the term "defalcation" as used in § 523(a)(4) is defined narrowly under federal law and only applies when there is an express or technical trust in existence prior to the act of defalcation. Thus, Defendant argues that the first step "in determining whether there has been a 'defalcation while acting in a fiduciary capacity,'" is to determine if there was an express, technical, or statutory trust that existed prior to the alleged act of defalcation. *See* Supporting Brief, pp. 12-13 (citing *In re Hanft*, 315 B.R. 617, 623 (S.D. Fla. 2002); *Quaif v. Johnson*, 4 F.3d 950, 954-55 (11th Cir. 1993)). If an express or technical trust does not exist, Defendant contends the Court does not need

5

to consider whether a defalcation occurred. *See id*. at 13 (citing *In re Blocker*, 2020 WL 247311, at *6 (Bankr. N.D. Ga. Jan 15, 2020)).

According to Defendant, that the only reference to defalcation in the Amended Complaint occurs in paragraphs 196 through 201, which allege that:

> 196. The entire debt to McAfee arose from an act of embezzlement.
>
> 197. The Debtor has testified that he was holding $31,276 on behalf of McAfee. The Debtor's then attorney characterized it has [sic] holding the funds "in trust."
>
> 198. The Debtor testified that he began holding the $31,267 "in trust" on May 13, 2002.
>
> 199. The Debtor has not accounted for the $31,276 which he has stated belongs to McAfee.
>
> 200. The debt to McAfee is nondischargeable under 11 U.S.C. § 523(a)(4) because it was for embezzlement.
>
> 201. To the extent that the self-declared "trust" qualifies as an express trust—because it did not arise from the alleged wrongful act creating the trust but was pre-existing—then the wrongful withholding of those funds after the Debtor declared them in trust would be a defalcation of Debtor's fiduciary duty. Accordingly, the debt to McAfee is nondischargeable as defalcation while acting in a fiduciary capacity.

*See id*., at 11-12 (quoting Amended Complaint, pp. 43-44)). Defendant argues that these paragraphs of the Amended Complaint do not allege that "an express or technical trust with a definitive trust *res* and identified management duties and obligations, was in existence prior to the allege act of defalcation." *See id.*, at 16. Accordingly, Defendant contends that Plaintiff's claim for defalcation "fails as a matter of law," and, as a result, that the Order should be altered and amended to "grant summary judgment to [Defendant] on the entire Count 4 of Plaintiff's [] Amended Complaint." *See id.*

Through the Response, Plaintiff argues that Defendant's request to reconsider the Court's ruling with respect to Count 4 is essentially a new motion for summary judgment as Defendant's PMSJ did not seek judgment on the grounds that Plaintiff could not establish a genuine issue of material fact with respect to the existence of a fiduciary duty sufficient for a claim under § 523(a)(4). Plaintiff contends that consideration of Defendant's new arguments regarding the existence of an express or technical trust on a motion to reconsider is procedurally improper as motions to reconsider "should not be used to raise arguments which could have been raised before the subject judgment was issued." *See* Response, p. 4 (quoting *In re Siskey Hauling Co., Inc.*, 459 B.R. 483, 485 (Bankr. N.D. Ga. 2011). While Plaintiff argues that "there is more than enough in the factual record" to support the "existence of an express or technical trust," Plaintiff nonetheless contends that he should be "afforded a full opportunity to establish all the legal and factual elements of an express and technical trust" and "reserves the right to submit additional evidence at an appropriate time in support of [his] claims under [§] 523(a)(4)." *See id*, at 9.

Plaintiff is correct that Defendant's PMSJ did not move for judgment as a matter of law on the grounds that Plaintiff could not establish the existence of an express or technical trust. Instead, the PMSJ argued that the Transfer of Counts 3, 4, and 5 of the Amended Complaint by Former Plaintiff to Plaintiff violated O.C.G.A. § 44-12-24 and that, as a result, Plaintiff could not assert those nondischargeability claims against Defendant in this adversary proceeding. After reviewing the numerous briefs filed by the parties and considering the arguments presented and the cited authorities, the Court agreed with Defendant that the transfer of Count 4 did violate O.C.G.A. § 44-12-24 to the extent that it

7

was based on Defendant's fraudulent conduct while acting in a fiduciary capacity, embezzlement, or larceny, as those theories would rely on Defendant's alleged fraudulent conduct. *See* Order, pp. 11-12. However, the Court also held that because "defalcation" "may refer to *nonfraudulent* breaches of fiduciary duty," Count 4 was assignable to the extent it was based on Defendant's defalcation while acting in a fiduciary capacity. *See id*. at 12.

In the Supporting Brief, Defendant states that the "Court correctly cite[d] *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013), for the proposition that defalcation may be used to refer to nonfraudulent breaches of fiduciary duty" but nonetheless contends that the Court erred by not acknowledging the first prong of the two step inquiry in determining whether a defalcation occurred—that is, the Court did not consider whether an express or technical trust existed prior to the alleged act of defalcation. However, the Court, in its Order, did not determine that Defendant committed a defalcation or that Defendant even owed a fiduciary duty. Instead, the Court merely held that Count 4 was assignable—and therefore was assigned to Plaintiff—*to the extent* it is based upon Defendant's defalcation while acting in a fiduciary capacity. Thus, Defendant is not asking the Court to reconsider its ruling—that a claim under § 523(a)(4) for a defalcation while acting in a fiduciary capacity is assignable under O.C.G.A. § 44-12-24. Rather, Defendant is asking the Court to rule that Plaintiff's claim under § 523(a)(4) for defalcation fails as a matter of law because Plaintiff has not established the existence of an express or technical trust. This request, however, was not made in Defendant's PMSJ and is instead an entirely new request.

Plaintiff is also correct that consideration of these new arguments on a motion to reconsider is procedurally improper. *See In re Aero Plastics, Inc.*, 2007 WL 7143348, at *1 (Bankr. N.D. Ga. Sept. 6, 2007) ("A motion for reconsideration is not intended to be used as a vehicle to tender new legal theories or introduce new evidence that could have been presented in conjunction with the original action."); *In re Evans-Lambert*, 2008 WL 7842070, at *1 (Bankr. N.D. Ga. May 16, 2008) ("A motion for reconsideration serves the limited function of correcting manifest errors of law or fact. . . and should not be used by a disappointed party to introduce new arguments or legal theories which could have been raised before the subject judgment was issued." (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)). Thus, if Defendant would like the Court to consider his new arguments with respect to Plaintiff's claim that Defendant committed a defalcation, then Defendant must file an appropriate motion requesting the Court to do so and provide Plaintiff the proper opportunity to respond to such motion. Accordingly, the Court declines Defendant's request to reconsider its ruling regarding the assignability of Count 4 of the Amended Complaint.

As for Count 5, Defendant argues that the Court erred in finding that it was an assignable claim based on Plaintiff's interest in property allegedly converted by Defendant. Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." In the Order, the Court held that, because "[p]roof of fraud is not necessary" to assert a claim under § 523(a)(6) and because Plaintiff's § 523(a)(6) claim in Count 5 is based upon "Defendant's conversion" of certain funds owed to McAfee, Count 5 is a claim asserting "Defendant's willful and

9

malicious injury to Plaintiff's [property interest]" and thus assignable under O.C.G.A. § 44-12-24. *See* Order, pp. 13-14. In its reasoning for this holding, the Court analogized Plaintiff's § 523(a)(6) claim to the claim asserted by an assignee in *Lumpkin v. Am. Sur. Co.*, 7 S.E.2d 687 (Ga. Ct. App. 1940), against a bank teller who stole money from the assignor bank. *Id.* In *Lumpkin*, the Georgia Court of Appeals held that the claim for the stolen funds was assignable because it was a right to recover the bank's property interest in the stolen money, and thus an assignable claim involving a property right. *See Lumpkin*, 7 S.E.2d at 688.

Defendant argues that the Court's holding with respect to Count 5 "does not indicate consideration of whether the allegations in Count 5 constitute an alleged tort to the person deceased James T. McAfee, Jr." *See* Brief in Support, p. 19. Defendant contends that because Count 5 "specifically allege[s] a willful and malicious injury directed at deceased James T. McAfee," Plaintiff's § 523(a)(6) claim constitutes a personal tort that is unassignable pursuant to O.C.G.A. § 44-12-24. *Id.* Essentially, Defendant argues that because § 523(a)(6) requires a showing of malicious and willful intent to cause injury, a claim under § 523(a)(6) cannot be assigned without violating O.C.G.A. § 44-12-24's prohibition on the assignment of personal torts, even if it involves a right to property.[2]

Defendant's argument, however, ignores the Court's reasoning in its Order that a claim under § 523(a)(6) for willful and malicious injury to *property*—rather than a claim

---

[2] Defendant distinguishes a claim for willful and malicious conversion under § 523(a)(6) to that of an "innocent or technical" conversion that would not support a nondischargeability determination under § 523(a)(6). *See* Brief in Support, pp. 19-20.

10

under § 523(a)(6) for willful and malicious injury to a person—is specifically assignable under O.C.G.A. § 44-12-24, which provides that "a right of action is assignable if it involves, directly or indirectly, a right of property." The fact that a claim under § 523(a)(6) for injury to property requires a showing of willful and malicious intent does not change the claim from one involving a right of property to one asserting a personal tort as shown by the Georgia Court of Appeals in *Lumpkin*. As previously noted, *Lumpkin* involved a claim for stolen money against a bank teller that was assigned from the bank to the plaintiff, which the Georgia Court of Appeals held was assignable. The claim in *Lumpkin* did not arise from an "innocent or technical" conversion, but instead "result[ed] from the alleged dishonest, fraudulent and criminal acts in stealing, deducting and appropriating or removing the [funds]" and then "conceal[ing the act] from the bank by making various false entries in its books." *See Lumpkin*, 7 S.E.2d at 688. Thus, the claim in *Lumpkin* certainly alleged willful and malicious intent by the bank teller in stealing the funds that would have caused injury to the bank.[3] Nonetheless, because the claim was "a right to recover for injury involving the bank's property right in the money," it was assignable

---

[3] Defendant contends that *Lumpkin* "is based on state law and does not address the willful and malicious injury standard inherent in a [§] 523(a)(6) dischargeability objection." *See* Motion, p. 21. Thus, Defendant contends that *Lumpkin* is "inapplicable to analyze the intentional tort allegations contained in Count 5 of the [Amended] Complaint." *See id.* While Defendant is correct that the meaning of "willful and malicious" as used in § 523(a)(6) is a question of federal law, the Court was asked to determine whether the assignment of Plaintiff's § 523(a)(6) claim was a violation of O.C.G.A. § 44-12-24. In order to do so, the Court referenced state case law interpreting O.C.G.A. § 44-12-24. Thus, the Court relied upon the reasoning of the Georgia Court of Appeals in *Lumpkin*. Moreover, the facts of *Lumpkin* are analogous to the facts alleged in Count 5 of the Amended Complaint, thus making the legal reasoning in *Lumpkin* applicable to the question of whether Plaintiff's § 523(a)(6) claim alleged in Count 5 was assignable. Accordingly, the Court is not persuaded that reliance on *Lumpkin* constitutes "clear error of law."

11

notwithstanding the "alleged wrongful acts in taking or removing the money of the bank" and then "concealing [those] wrongful acts by [making] false entries upon the books of the bank." Accordingly, because Plaintiff's § 523(a)(6) claim alleges that Defendant willfully and maliciously converted money belonging to James T. McAfee, Jr., the claim—like the claim in *Lumpkin*—"involve[s] [McAfee's] property right in the money" and was therefore assignable under O.C.G.A. § 44-12-24. Thus, the Court declines to reconsider its ruling that Count 5 of the Amended Complaint was assignable.

## CONCLUSION

For the reasons stated herein,

IT IS HEREBY ORDERED that the Motion for Reconsideration (Doc. 227) (the "Motion") filed by Joseph H. Harman ("Defendant") is **DENIED**.

## END OF DOCUMENT

**Distribution List**

**James L. Paul**
Chamberlain, Hrdlicka, White
46th Floor
191 Peachtree Street NE
Atlanta, GA 30303-1410

**Kevin R. Armbruster**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Jason C. Grech**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Derek S. Littlefield**
Cushing Morris Armbruster Montgomery LLP
Suite 4500
191 Peachtree Street, N.E.
Atlanta, GA 30303

**Gary W. Marsh**
Dentons US, LLP
Suite 5300, One Peachtree Center
303 Peachtree Street
Atlanta, GA 30308

**David E. Gordon**
Dentons US LLP
Suite 5300
303 Peachtree Street, NE
Atlanta, GA 30308

**J. Carole Thompson Hord**
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-4516

**Karen Fagin White**
Cohen Pollock Merlin & Small
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339-6401

**Johannes S. Kingma**
Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303-1740