**IT IS ORDERED as set forth below:**



**Date: March 19, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| | : | |
| JOSEPH H. HARMAN, | : | BANKRUPTCY CASE |
| | : | 11-67522-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| JAMES T. McAFEE, III, | : | ADVERSARY PROCEEDING |
| | : | NO. 11-05534-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH H. HARMAN, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is a *Motion for Summary Judgment* (Doc. 107) (the "Motion") filed by Carolyn T. McAfee, as Executor of the Estate of James T. McAfee ("Former Plaintiff"). The Motion arises in connection with an amended complaint (Doc. 113) (the "Amended

Complaint"), which seeks a determination that a debt is nondischargeable pursuant to 11 U.S.C. § 523(a) and objects to Defendant's discharge pursuant to 11 U.S.C. § 727(a).[1] This matter constitutes a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I), (J); § 1334.

I. Background and Introduction

On June 14, 2011, Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition Date"). (Case No. 11-67522-LRC, Doc. 1). Former Plaintiff filed a proof of claim in Defendant's bankruptcy case claiming a debt of $5,369,083.73 (the "Debt") based upon a Final Judgment entered against Defendant in the State Court of Fulton County. *See* Doc. 114, pp. 6-7. On September 19, 2011, Former Plaintiff filed a complaint (Doc. 1) (the "Initial Complaint"). Count 1 of the Initial Complaint objected to Defendant's discharge under §§ 727(a)(2) and (a)(7) while Counts 2, 3, and 4 of the Initial Complaint sought a nondischargeability determination under §§ 523(a)(2), (a)(4), and (a)(6) respectively. *See* Initial Complaint, ¶¶ 70-134. In Count 1, the Initial Complaint asserted two reasons to deny Defendant's discharge: (1) Defendant testified at his § 341 meeting of creditors that he transferred approximately $3,300 to his wife shortly before the Petition Date to avoid the funds being garnished by Former Plaintiff (the "$3,300 Transfer"); and (2) Defendant had, in connection with a case of an insider, committed acts referred to in §§ 727(a)(3), (a)(4), and (a)(5) and was therefore not entitled to a discharge under § 727(a)(7). *See id*. at ¶¶ 70-81.

---

[1] All further references to § are to the Bankruptcy Code, title 11 of the United States Code, unless otherwise noted.

2

With leave of the Court, Former Plaintiff filed the *First Amended Complaint* (Doc. 113) (the "Amended Complaint"), which reasserts the claims made in the Initial Complaint and adds additional grounds to deny Defendant's discharge under § 727(a), including the following:

1. On May 25, 2011, a large apartment complex in Blacksburg, Virginia, known as Terrace View, sold for approximately $53,300,000. Due to Defendant's 100% ownership interest in J.H.H. Holdings Corporation ("JHH") and First Equities Partners II ("FEPII"), Defendant was entitled to receive a distribution of approximately $1.7 million from the Terrace View sale proceeds. To avoid these funds being made available to his creditors, however, Defendant caused the approximately $1.7 million to be transferred to his wife (the "Terrace View Transfer"). *See* Amended Complaint, at ¶¶ 22-51, 142-46.

2. Defendant was also entitled to receive a distribution of $257,256 from the Terrace View sale proceeds due to Defendant's limited partnership interest in New River Valley Associates, Ltd ("NRV") (admitted to by Defendant, *see* Doc. 130, ¶ 14). On May 25, 2011, Defendant caused the $257,256 to be transferred to the escrow account of Shadrix Lane, P.C.—a law firm Defendant had no prior dealings with—rather than transferred to Smith Conerly, LP's escrow account to avoid the funds being garnished by Former Plaintiff pursuant to a garnishment action Former Plaintiff had filed against Smith Conerly, LP on April 20, 2011 (the "NRV Transfer"). *See* Amended Complaint, ¶¶ 52-57, 147-50.

3. On May 26, 2011, Shadrix Lane, P.C. transferred $89,202.18 of the $257,256 NVR

3

funds to Smith Conerly, LP (the "Smith Conerly Transfer"). *See id.* at ¶¶ 58-59, 151; *see also* Doc. 130, ¶ 34 (Defendant admitting that $89,202.18 was transferred from Shadrix Lane, P.C. to Smith Conerly, LP). In Defendant's bankruptcy schedules and statement of financial affairs, Defendant disclosed that Shadrix Lane, P.C. was holding $168,053.87 of the NRV funds, but did not disclose the Smith Conerly Transfer or account for the $89,202.18 transferred to Smith Conerly, LP. According to Defendant, the Smith Conerly Transfer was to be used as a retainer for services to be rendered in Defendant's bankruptcy case. However, Smith Conerly, LP's disclosure of compensation filed with the Court only reported that $25,000 had been received from Defendant. *See id.* at ¶¶ 60-65, 151.

Along with the Motion, Former Plaintiff filed a brief in support (Doc. 108) (the "Brief in Support") and a *Statement of Material Facts as to Which no Genuine Issue Exists to be Tried* (Doc. 108, pp. 21-29) ("Plaintiff's SUMF"). The Motion seeks summary judgment denying Defendant's discharge under § 727(a) based upon the $3,300 Transfer,[2]

---

[2] On September 11, 2014, Judge Murphy granted Former Plaintiff summary judgment that Defendant was not entitled to a discharge under § 727(a)(2) based upon the $3,300 Transfer Defendant made to his wife. *See* Doc. 145 (the "Order"). Judge Murphy did not address the other transfers in the Order. Following an appeal by Defendant, the United States District Court reversed the grant of summary judgment and reinstated the Motion on the basis that, "as a matter of law," a debtor cannot have an "intent to hinder or delay a creditor from taking" Social Security funds that are exempt from garnishment or execution under 42 U.S.C. § 407(a). *See* Doc. 159. In an order denying Former Plaintiff's subsequent motion for interlocutory appeal, the District Court clarified its order, stating that it was not remanding the case to this Court to consider whether a transfer of exempt Social Security funds could ever form the basis of a claim under § 727(a)(2). Rather, the District Court directed that, following the reversal of the Order, the "Bankruptcy Court is to consider the remainder of the Plaintiff's motion for summary judgment (not including the § 727 and § 407 issues) and other motions and eventually try the adversary proceeding, if necessary." *Harman v. McAfee*, Civ. Action No. 1-14-CV-3442-SCJ, at 3 (N.D. Ga. Sept. 2, 2015). Thereafter, the case was transferred to the oversigned upon Judge Murphy's retirement.

4

the NRV Transfer, the Smith Conerly Transfer, and Defendant's failure to disclose the Smith Conerly Transfer in his bankruptcy case. On March 31, 2014, Defendant filed a response to Plaintiff's SUMF (Doc. 130) (the "Response") as well as a brief in opposition to the Motion (Doc. 131) (the "Brief in Opposition"). Defendant also filed a *Declaration of Joseph H. Harman* (Doc. 129) (the "Declaration"). Through his Brief in Opposition, Defendant argues, among other things, that disputed material issues of fact preclude summary judgment.[3]

Thereafter, on March 24, 2017, Former Plaintiff filed a *Motion to Substitute Party* (Doc. 173) (the "Substitution Motion"), which stated that on January 11, 2017, Former Plaintiff transferred her interest in this case to her son, J. Thomas McAfee III, in his capacity as Trustee of Marital Trust #2. The Substitution Motion was granted by the Court on September 29, 2020, and J. Thomas McAfee III ("Plaintiff") was substituted as plaintiff in this adversary proceeding. *See* Doc. 223.

After a status conference held on May 21, 2020, the Court granted the parties an opportunity to update their briefing with respect to the Motion. *See* Doc. 213. On August 20, 2020, Defendant filed an updated brief in opposition to the Motion (Doc. 220) (the "Updated Brief in Opposition"). On September 10, 2020, Former Plaintiff filed an updated

---

[3] Defendant filed a partial motion to dismiss the Amended Complaint, contending that the new allegations asserted are time-barred pursuant to Rule 4004(a) of the Federal Rules of Bankruptcy Procedure. *See* Doc. 133 (the "Motion to Dismiss"). Through an order entered on March 12, 2021 (Doc. 233), the Court denied the Motion to Dismiss in part but reserved ruling on the remainder of the Motion to Dismiss pending resolution of Plaintiff's *Motion for Extension of Time to Object to Discharge Pursuant to Rule 4004(b)(2)* (Doc. 67, Case. No. 11-67522-LRC). Since the Court, for the reasons stated herein, finds that summary judgment is not appropriate, the Court can resolve the Motion before ruling on the remainder of the Motion to Dismiss.

5

reply brief in support of the Motion (Doc. 221) (the "Updated Brief in Support").

II.     Legal Standards

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those which might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute of fact is genuine, therefore, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The moving party has the burden of establishing its entitlement to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The moving party must identify the pleadings, discovery materials, or affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir.1993). Rather, the nonmoving party must present specific facts supported by evidence that demonstrate there is a genuine material dispute. *Id*. The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986), and the Court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," *Anderson*, 477 U.S. at

6

243. "The court cannot weigh the evidence or choose between competing inferences." *In re Chi*, 2008 WL 7874773, at *2 (Bankr. N.D. Ga. Aug. 29, 2008) (citing *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997); *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1196 (11th Cir. 1997)).

### III. Discussion

As noted above, Plaintiff seeks summary judgment that Defendant is not entitled to a discharge pursuant to § 727(a)(2) based upon the NRV Transfer, the Smith Conerly Transfer, and Defendant's failure to disclose the Smith Conerly Transfer. "Because denial of discharge is an extreme step, each exception in § 727(a) must be construed liberally in favor of the debtor." *Protos v. Silver*, 2008 WL 11441846, at *2 (N.D. Ga. Nov. 10, 2008), *aff'd sub nom. In re Protos*, 322 F. App'x 930 (11th Cir. 2009). Under § 727(a)(2), Plaintiff must prove the following by a preponderance of the evidence to support a denial of discharge: "(1) that the act complained of was done within one year prior to the date the petition was filed, (2) with actual intent to hinder, delay, or defraud a creditor, (3) that the act was that of the debtor, and (4) that the act consisted on transferring, removing, destroying, or concealing any of the debtor's property." *Jennings v. Maxfield*, 533 F.3d 1333, 1339 (11th Cir. 2008). Since a debtor is not likely to "admit that he intended to hinder, delay, or defraud his creditors, the debtor's intent may be established by circumstantial evidence or inferred from the debtor's course of conduct," based on certain badges of fraud. *Id.*; *see also In re McKeever*, 550 B.R. 623, 636 (Bankr. N.D. Ga. 2016).

a. The NRV Transfer

Plaintiff submits that the undisputed facts show that on May 25, 2011, Defendant

7

caused the $257,256 NRV funds to be deposited with Shadrix Lane, P.C.'s escrow account, rather than in Smith Conerly, LP's escrow account or into a personal bank account of Defendant, because of Plaintiff's pending garnishments against Defendant and Smith Conerly, LP. *See* Plaintiff's SUMF, ¶¶ 14-17, 27. Because Defendant had no prior business relationship with Shadrix Lane, P.C., Plaintiff contends there was no other legitimate reason to deposit the NRV funds into Shadrix Lane, P.C.'s escrow account other than to avoid Plaintiff's garnishments. *Id*. at ¶¶ 18-32. Thus, Plaintiff argues that the undisputed facts show that the NRV Transfer was made by Defendant, within one year prior to the Petition Date, with the intent to hinder, delay and defraud Plaintiff from garnishing the funds.

Defendant responds by arguing that the NRV funds were deposited into Shadrix Lane, P.C.'s escrow account upon the advice of his counsel—Smith Conerly, LP—to preserve the funds for his bankruptcy estate. *See* Declaration, ¶¶ 18-19.[4] Defendant further denies that the NRV Transfer was done to avoid Plaintiff's garnishments because, as he contends, no garnishments were pending at the time of the transfer as both SunTrust Bank and Smith Conerly, LP had responded to garnishments filed against them by Former Plaintiff prior to the transfer being effectuated. *See id.* at ¶ 22; Response, ¶¶ 15-19. Thus, Defendant maintains that a dispute of material facts exists as to whether he caused the NRV funds to be deposited with Shadrix Lane, P.C. with the actual intent to hinder, delay, or defraud Plaintiff.

Given Defendant's denial that he made the NRV Transfer with the intent of avoiding

---

[4] Defendant also contends that depositing the funds into the escrow account of Shadrix Lane, P.C. does not constitute a "transfer" of his property. *See* Brief in Opposition, p. 21.

Plaintiff's garnishments, and his contention that the funds were deposited with Shadrix Lane, P.C. upon the advice of his counsel, the Court does not find that the undisputed material facts show that Plaintiff is entitled to summary judgment based upon the NRV Transfer. In essence, Plaintiff asks the Court to infer that the NRV Transfer was made with the intent to avoid the garnishments because Defendant had no prior relationship with Shadrix Lane, P.C. and both Defendant and Smith Conerly, LP were subject to Former Plaintiff's garnishment actions at the time of the transfer. While these circumstances could support a finding of fraudulent intent, the Court is unwilling to make such an inference given Defendant's statements in his sworn Declaration that he made the NRV Transfer upon the advice of counsel and that his intent was to preserve the NRV funds for his bankruptcy estate.[5] Accordingly, the Court cannot grant summary judgment as a dispute of material facts remain regarding Defendant's intent for making the NRV Transfer. *See In re*

---

[5] Plaintiff contends that the Declaration is a sham that should be stricken because, as he contends, it "directly contradicts [Defendant's] sworn testimony [and] other disputed facts." *See* Reply, at p. 1. In support of this argument, Plaintiff points to two statements in the Declaration. The first concerns Defendant's intent regarding the $3,300 Transfer, which is not relevant to the Motion, given the District Court's order. In the second statement, Defendant states that he was unaware of the Smith Conerly garnishment until after he filed his bankruptcy case. *See* Declaration, ¶ 7. Plaintiff contends this statement is "demonstrably false" because Defendant was personally served with the Smith Conerly garnishment on April 22, 2011, and Plaintiff has attached a certified copy of the proof of service as Exhibit D to the Reply. *See* Reply, at pp. 5, 35-39. The "sham affidavit rule" "allows a court to disregard an affidavit as a matter of law when, without explanation, it flatly contradicts his or her own prior deposition testimony for the transparent purpose of creating a genuine issue of fact where none existed previously." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016). However, the Court is not persuaded that the rule is applicable here as the statement does not contradict "prior deposition testimony," but instead apparently contradicts the proof of service showing that Defendant received a copy of the Smith Conerly garnishment. Further, while it may be true that the statement is false, it is also possible that Defendant never read the Smith Conerly garnishment, even after being served with it. Thus, this appears to be a situation "which create[s] an issue of credibility" making the "sham affidavit rule" inapplicable. *See id.* at 1306 ("[T]he rule only operates in a limited manner to exclude unexplained discrepancies and inconsistencies, as opposed to those 'which create an issue of credibility or go to the weight of the evidence.'" (citations omitted)). Thus, the Court declines Plaintiff's request to strike the Declaration.

9

*Potter*, 2009 WL 2913210, at *4-5 (Bankr. D.N.M. Jun. 23, 2009) (stating that while "[t]he circumstances surrounding the [] transaction could support an inference of fraudulent intent," the Court could "not grant summary judgment" given that the debtor's "statements, if taken as true, tend to negate [his] fraudulent intent").

      b.  <u>The Smith Conerly Transfer</u>

Plaintiff also contends that the undisputed facts show that after filing its answer to Former Plaintiff's garnishment action on May 25, 2011, representing that it was not in possession of any of Defendant's property, Smith Conerly, LP, on behalf of Defendant, requested that Shadrix Lane, P.C. transfer $89,202.18 of the NRV funds to Smith Conerly, LP. *See* Plaintiff's SUMF, ¶¶ 32-34. Plaintiff maintains that the timing and circumstances of the Smith Conerly Transfer constitute another act of concealment made by Defendant to avoid the funds being garnished by Plaintiff. *See* Brief in Support, pp. 15-16.

In response, Defendant denies that he had any personal knowledge of what occurred, transpired, or was discussed between Smith Conerly, LP and Shadrix Lane, P.C. regarding the NRV funds. *See* Response, ¶ 33; Declaration, ¶ 20. Instead, Defendant maintains that he was advised by Smith Conerly, LP that the NRV funds would need to be preserved for his bankruptcy estate and that he understood that a portion of the NRV funds would be used to pay for attorney services related to his bankruptcy filing. *See* Declaration, ¶¶ 19, 23. Thus, Defendant denies that there was any scheme to conceal the NRV funds from Plaintiff and instead contends that his intent regarding the NRV funds was to follow his counsel's advice and preserve the funds for his bankruptcy estate, except for fees and retainers charged by Smith Conerly, LP pertaining to his bankruptcy filing. *Id*. ¶ 24. Accordingly,

10

Defendant contends that a dispute of material facts exists as to whether he caused the Smith Conerly Transfer to be made with the actual intent to hinder, delay, or defraud Plaintiff.

Given Defendant's statement that he had no knowledge of what transpired with respect to the Smith Conerly Transfer or the conversations between Smith Conerly, LP and Shadrix Lane, P.C. regarding the transfer, the Court does not find that the undisputed material facts show that Plaintiff is entitled to summary judgment. Again, Plaintiff asks the Court to infer from the timing and circumstances of the Smith Conerly Transfer that it was made "on behalf of Defendant," with the actual intent to conceal the funds and avoid them from being garnished. The Court is not willing to make such inferences on a motion for summary judgment. *See In re Halperin*, 215 B.R. 321, 329-30 (Bankr. N.D. Ga. 2013) ("In employing the badges of fraud, the Plaintiffs seek to have this Court infer the Defendant's intent from the circumstances. However, in the context of a summary judgment motion to deny a discharge, the Court declines to rely on inferences alone in determining the Defendant's intent. . . . the Court finds that summary judgment is not appropriate when questions of denial of discharge and intent are intertwined.") Further, the Court does not find that the undisputed facts show that the Smith Conerly Transfer was an act of the Debtor given his statement that he had no knowledge of the transfer or the circumstances surrounding the transfer. Accordingly, the undisputed facts do not show Plaintiff's entitlement to judgment, and the Court cannot grant summary judgment to Plaintiff on his § 727(a)(2) claim based upon the Smith Conerly Transfer.

    c. <u>The Failure to Disclose the Smith Conerly Transfer</u>

Finally, Plaintiff submits that the undisputed material facts show that Defendant

11

failed to disclose or account for the Smith Conerly Transfer in his bankruptcy case. *See* Plaintiff's SUMF, ¶¶ 39, 41. Defendant testified at his deposition that the Smith Conerly Transfer was a retainer to Smith Conerly, LP to be used in connection with his bankruptcy case and was not a payment for previously due legal fees. *Id.* at ¶¶ 44-45. However, Smith Conerly, LP did not disclose receipt of the Smith Conerly Transfer in its Rule 2016 Disclosure of Compensation, but instead reported that it had only received $25,000 from Defendant. *Id.* at ¶¶ 46-47. Plaintiff argues that Defendant's failure to disclose the Smith Conerly Transfer constitutes an affirmative act of concealment intended to hinder, delay, or defraud Plaintiff. *See* Brief in Support, pp. 15-16. Plaintiff also contends that the failure to disclose constitutes a false oath or account made by Defendant, in violation of § 727(a)(4). *See id.* at 16-18.

Defendant responds by denying that he failed to disclose the Smith Conerly Transfer because he did not have personal knowledge of the transfer and relied upon his bankruptcy counsel, Smith Conerly, LP to accurately report in his bankruptcy case the amount of money Smith Conerly, LP removed from the NRV funds as a retainer for its bankruptcy related services. *See* Response, ¶ 41. Defendant also states that Smith Conerly, LP prepared his bankruptcy schedules and statement of financial affairs and that prior to filing bankruptcy, he had disclosed to Smith Conerly, LP all known facts related to his financial affairs. *See* Declaration, ¶ 26. Thus, Defendant contends that any failure to disclose the Smith Conerly Transfer was the result of his reasonable reliance on the advice of his counsel regarding facts which were unknown to him. *See* Brief in Opposition, pp. 22-23. Therefore, Defendant argues that any fraudulent intent required by §§ 727(a)(2) or (a)(4) is negated by

12

reliance upon the advice of his counsel and, at a minimum, raises factual questions as to his actual intent regarding any failure to disclose the Smith Conerly Transfer. *See id*. at 22-26.

Because Defendant denies having knowledge of the Smith Conerly Transfer and states that he relied upon his bankruptcy counsel in preparing his schedules and statement of financial affairs, the Court finds that there are disputed material facts regarding whether Defendant failed to disclose the Smith Conerly Transfer with the actual intent to hinder, delay, and defraud creditors and whether Defendant "knowingly and fraudulently" failed to disclose the Transfer.[6] Thus, the Court cannot grant summary judgment to Plaintiff under §§ 727(a)(2) or (a)(4) based on Defendant's failure to disclose the Smith Conerly Transfer.

## CONCLUSION

In sum, the court finds that there are material factual disputes regarding Defendant's alleged fraudulent intent with respect to the NRV Transfer, the Smith Conerly Transfer, and Defendant's failure to disclose the Smith Conerly Transfer. While there may be facts and circumstances surrounding these transfers that would permit an inference of fraudulent intent, such inferences are not dispositive on the record presently before the Court, and the Court is unwilling to make a determination of Defendant's fraudulent intent based on inferences alone. *See In re Chi*, 2008 WL 7874773, at *3 ("Given the harshness of the remedy sought herein, and the nature of ascertaining subjective intent and its general unsuitability to summary disposition, the Court must hear Debtor's testimony and observe

---

[6] Under § 727(a)(4)(A), the Court shall not grant a discharge if it finds that the "debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." "To [e]nsure veracity, intentional omissions from a debtor's schedules are [] actionable under this provision." *In re Smith*, 578 B.R. 866, 874 (Bankr. N.D. Ga. 2017). To prevail under § 727(a)(4)(A), Plaintiff must prove that: (1) the debtor "knowingly and fraudulently" made a false oath or account; and (2) concerning a material fact. *Id*.

13

her demeanor before making any findings concerning whether the transactions in question were made fraudulently and knowingly within the meaning of the aforesaid statutory provisions."); *see also In re Brooks*, 548 B.R. 585, 593 (Bankr. S.D. Ga. 2016) ("Generally, resolution of objections to discharge under 11 U.S.C. § 727 are not appropriate at the summary judgment stage.") Therefore, to the extent necessary, the Court exercises its discretion to not grant summary judgment. *See United States v. Certain Real & Pers. Prop. Belonging to Hayes,* 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing.").

Accordingly, for the reasons stated herein,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**
**James L. Paul**
Chamberlain, Hrdlicka, White
46th Floor
191 Peachtree Street NE
Atlanta, GA 30303-1410

**Kevin R. Armbruster**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Jason C. Grech**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Derek S. Littlefield**
Cushing Morris Armbruster Montgomery LLP
Suite 4500
191 Peachtree Street, N.E.
Atlanta, GA 30303

**Gary W. Marsh**
Dentons US, LLP
Suite 5300, One Peachtree Center
303 Peachtree Street
Atlanta, GA 30308

**David E. Gordon**
Dentons US LLP
Suite 5300
303 Peachtree Street, NE
Atlanta, GA 30308

**J. Carole Thompson Hord**
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-4516

**Karen Fagin White**
Cohen Pollock Merlin & Small
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339-6401

**Johannes S. Kingma**
Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303-1740