**IT IS ORDERED as set forth below:**



**Date: June 11, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| JOSEPH H. HARMAN, | : | BANKRUPTCY CASE |
| | : | 11-67522-LRC |
| Debtor. | : | |
| | : | |
| _____ | : | |
| | : | |
| JAMES T. McAFEE, III, | : | ADVERSARY PROCEEDING |
| | : | NO. 11-05534-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH H. HARMAN, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is the *Motion for Reconsideration of the Court's March 12, 2021, Order and to Alter or Amend* (Doc. 237) (the "Motion") filed by Joseph H. Harman ("Defendant"). The Motion seeks reconsideration of an order (Doc. 233, the "Order")

denying Defendant's motion to dismiss certain counts of an amended complaint (Doc. 113) (the "Amended Complaint"). This matter concerns the determination of the dischargeability of a particular debt and an objection to Defendant's discharge, and, accordingly, constitutes a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(I), (J); § 1334.

Defendant previously sought dismissal of certain counts of the Amended Complaint for having been filed after the deadline established by Rule 4004 of the Federal Rules of Bankruptcy Procedure. In the Order, the Court denied Defendant's motion to dismiss, finding that the new allegations regarding certain asset transfers (the Terrace View Transfer, the NRV Transfer, and the Smith Conerly Transfer, collectively, the "Transfers") related back to the original complaint and were, therefore, timely filed. The Court concluded that, "[b]ecause the Initial Complaint and the Amended Complaint both allege that Defendant transferred funds shortly before the Petition Date with the intent to avoid the funds being garnished by Former Plaintiff, the Court finds that, viewing the allegations in the light most favorable to Plaintiff, the Terrace View Transfer, the NRV Transfer, and the Smith Conerly Transfer can be seen as part of a 'common scheme,' along with the $3,300 Transfer, to avoid Former Plaintiff's garnishments."

Defendant seeks reconsideration of this conclusion and asserts that the Court improperly relied on an allegation in the original complaint regarding a transfer of exempt Social Security funds (the "SS Transfer") to find that Defendant was sufficiently on notice of the type of claims that were eventually asserted in the Amended Complaint. Defendant argues that the Court's reliance on the SS Transfer was improper because the District Court

2

previously ruled on appeal that the SS Transfer could not, as a matter of law, be fraudulent.[1] Plaintiff submits that the allegations were "eliminated by Judge Jones' May 28, 2015 Appeal Order and September 2, 2015 Order, and, that, pursuant to 42 U.S.C. § 407, which expressly insulates social security payments from execution, levy, or garnishment and operation of bankrupty or insolvency, this Court was not permitted to rely upon the allegation for any purpose and, therefore, erred in finding that the allegations regarding the Transfers related back to the original complaint. In accordance with the "mandate rule," Plaintiff contends that the Court's consideration of the SS Transfer for any purpose fails to "implement both the letter and the spirit of the [Judge Jones'] mandate" and disregards Judge Jones' "explicit directives." For this reason, Plaintiff asserts that the Court must reconsider and amend the Order to "correct clear error or prevent manifest injustice." See Fed. R. Bank. P. 7054, 9023; *see also In re White*, 2017 WL 2601891, at *2 (Bankr. N.D. Ga. June 15, 2017); *In re Sciortino*, 561 B.R. 245, 250 (Bankr. N.D. Ga. 2016).

The Court has reviewed the arguments made in support of the Motion and in defense of the Order and concludes that the Motion should be denied. In the Order, the Court determined that the allegations regarding the Transfers were sufficiently related to the allegation regarding the SS Transfer to put Defendant on notice that such claims might be asserted against him. Even though the SS Transfer was eventually found by the District

---

[1] On September 11, 2014, Judge Murphy granted Former Plaintiff summary judgment that Defendant was not entitled to a discharge under § 727(a)(2) based upon the SS Transfer made to his wife. *See* Doc. 145 (the "Order"). Following an appeal by Defendant, the United States District Court reversed the grant of summary judgment on the basis that, "as a matter of law," a debtor cannot have an "intent to hinder or delay a creditor from taking" Social Security funds that are exempt from garnishment or execution under 42 U.S.C. § 407(a). *See* Doc. 159; *see also Harman v. McAfee*, Civ. Action No. 1-14-CV-3442-SCJ, at Doc. 18; Doc. 26. Thereafter, the case was transferred to the oversigned upon Judge Murphy's retirement.

Court to fail to state a claim that would permit the Court to deny Defendant's discharge, it does not change the fact that the allegation was made in the original complaint, which was filed within the time permitted under Rule 4004 for the filing of a complaint objecting to discharge. Defendant would have the Court analyze the issue of relation back without regard to the facts as they were at the time simply because the allegation in the original complaint failed to state a claim. The Court finds no reason to do so and agrees with Plaintiff that the Court was free to consider the original complaint as it was filed for purposes of determining whether Defendant had adequate notice of the type of claims eventually asserted. For these reasons, and finding no legal or factual error within the Order,

IT IS ORDERED that the Motion is DENIED.

**END OF DOCUMENT**

**Distribution List**

**James L. Paul**
Chamberlain, Hrdlicka, White
46th Floor
191 Peachtree Street NE
Atlanta, GA 30303-1410

**Kevin R. Armbruster**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Jason C. Grech**
Cushing, Morris, Armbruster & Montgomery
Suite 4500
191 Peachtree Street, NE
Atlanta, GA 30303

**Derek S. Littlefield**
Cushing Morris Armbruster Montgomery LLP
Suite 4500
191 Peachtree Street, N.E.
Atlanta, GA 30303

**Gary W. Marsh**
Dentons US, LLP
Suite 5300, One Peachtree Center
303 Peachtree Street
Atlanta, GA 30308

**David E. Gordon**
Dentons US LLP
Suite 5300
303 Peachtree Street, NE
Atlanta, GA 30308

**J. Carole Thompson Hord**
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-4516

**Karen Fagin White**
Cohen Pollock Merlin & Small
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339-6401

**Johannes S. Kingma**
Carlock, Copeland & Stair, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303-1740

5